LASER SHULMAN AND ISAAC J. EDELSTEIN, PLAIN-TIFFS IN ERROR, *v.* THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*Obtaining goods by false pretenses — subsequent statements — what not admissible to prove knowledge.*

Upon the trial of plaintiffs in error for procuring goods in January, 1876, upon false pretenses, contained in a written statement made by them in regard to their pecuniary condition, the prosecution was allowed for the purpose of showing the prisoners knowledge of the falsity of the written statement, to show statements made by them in the month of March following, in regard to their then responsibility.

*Held,* that this was error; that the evidence was too remote to be admitted for the purpose of showing that they knew that the written statement was false when it was made.

WRIT OF ERROR to the Court of General Sessions in and for the city and county of New York, to review the conviction of the plaintiffs in error of obtaining goods by false pretenses.

The question involved in the appeal was as to the admissibility of statements made by plaintiffs in error in March, 1876, as to their then pecuniary condition.

*John O. Mott*, for the plaintiff in error.

*Benj. K. Phelps*, for the defendant in error.

INGALLS, P. J.:

The plaintiffs in error were indicted, tried, and convicted upon the charge of having in the month of January, 1876, procured goods of H. B. Claflin & Co. of the value of $372.35 by certain false pretenses contained in a written statement made by them in regard to their pecuniary condition. Upon the trial the people were allowed to show statements made by the prisoners to one Horace Galpin in the middle of March, 1876, in regard to their pecuniary responsibility. This evidence was objected to by the prisoners' counsel on the grounds — first, that the inquiry was irrelevant and immaterial; second, that it was too remote.

The court overruled the objections, and admitted the evidence for the purpose only of showing the prisoners' knowledge of the falsity of the statement made to Claflin & Co.

We are convinced that error was committed in admitting this evidence. The transaction was in no manner connected with the offense charged in the indictment, and was too remote to be regarded as bearing upon the question whether the prisoners knew at the time they made the written statement that it was false. If the statement made to Galpin was false and constituted a criminal offense, the prisoners should have been regularly indicted, tried, and, if convicted, punished therefor. The evidence was incompetent to aid in their conviction of an offense with which their representations to Galpin had no possible connection, and too remote to bear upon the question of the knowledge of the prisoners that the statement made to Claflin & Co. was false. (*The People* v. *Justices of the Special Sessions*, 10 Hun, 158; *Weyman*

v. *People*, 4 id., 511; *Bielschofsky* v. *People*, 3 id., 40; *Coleman* v. *People*, 55 N. Y., 82.)

It cannot be held properly that the evidence was harmless, as it was well calculated to prejudice the case of the prisoners, and in a doubtful case would be quite likely to produce a conviction. The judgment must be reversed, and a new trial ordered.

Potter, J. :

The judgment of conviction in this case should be reversed and a new trial had. It is proper, for the purpose of showing the intent of a person charged with a criminal transaction, to prove similar transactions at or near the date of the transaction upon trial.

Without stopping to discuss whether proof of the representations made to Galpin, about the middle of March, would show what intent existed on the second day of January *previous*, the evidence was received not to show intent, but to show knowledge; that is, from proof tending to show that a person has knowledge in the middle of March, a jury may infer the person had the same knowledge on the second day of the preceding January. I can not adopt that view. All knowledge that a person has is acquired at *some time ;* but I am not aware of any rule of evidence or law of nature that a person cannot acquire knowledge between the second of January and the middle of March. If he may, then the knowledge he possesses in the middle of March may have been acquired since the second day of January, and if acquired since the second day of January, it amounts to nothing upon the question at issue.

Judgment reversed, new trial ordered.